UNITED STATES, Appellant

v.

JAMES F. McNEELY, Private, U. S. Army, Appellee
1 USCMA 510, 4 CMR 102

No. 494

Decided July 31, 1952

LT. COL. Paul J. Leahy, USA, and 1ST LT. Richard L. Brown, USA, for Appellant.

LT. COL. George E. Mickel, USA, and 1ST LT. Bernard Landman, Jr., USA, for Appellee.

ROBERT E. QUINN, Chief Judge:

The accused was tried by Army court-martial[1] on December 15, 1951, at Fort Bragg, North Carolina, for willful disobedience of a lawful order; desertion from September 1 to December 2, 1951; and breaking restriction. He pleaded not guilty to the first two charges; guilty to the last. Under the first charge, the court found him guilty of "failure to obey" in violation of Article 92 of the Uniform Code of Military Justice, 50 USC § 686. As to the second charge, the court found him guilty of the lesser included offense of absence without leave. He was found guilty of the third charge as pleaded. The court sentenced him to a dishonorable discharge, total forfeiture of pay, and confinement at hard labor for one year. Army reviewing authorities approved but the board of review applied Footnote 5 in the Table of Maximum Punishments as to the "failure to obey" charge and reduced the confinement to eight months. The case has been certified to us by The Judge Advocate General of the Army on the following issue:

"Does the sentence adjudged by the court-martial exceed the maximum punishment prescribed in the Manual for Courts-Martial, United States, 1951, for the offenses of which the court-martial convicted the accused?"

The basic problem involved is identical to that in United States v. Buckmiller (No 492), 1 USCMA 504, 4 CMR 96, decided this date. Our opinion in Buckmiller is in all respects applicable here. The facts in this case are as follows. On the evening of August 26, 1951, Chief Warrant Officer Brunner ordered accused to report at the Mess Hall for kitchen police at 5:00 o'clock the following morning, and instructed Corporal Vancuren to awaken accused and send him to the Mess Hall. Corporal Vancuren told accused on the evening of August 26, 1951, that he was going to awaken him at 4:30 o'clock the next morning. At 4:30 a.m. on August 27, 1951, the corporal turned on the lights in the accused's barracks, shook accused and woke him up. Accused opened his eyes and raised up in bed. Corporal Vancuren ordered accused to report to the Mess Hall at 5:00 a.m. and accused said "Okay." At 5:45 a.m. the corporal went back to check and found accused still in bed. He again woke him up and ordered him to report to the Mess Hall. The accused did not appear at the Mess Hall until 8:00 a.m.

Accused was given a direct, personal order which he knowingly failed to obey, and the fact that this order involved reporting for kitchen police duty at the Mess Hall is of no consequence under these circumstances. The gravamen of the offense, under the test set out in United States v. Buckmiller, supra, is not a failure to report to assigned duty in violation of Article 86(1), 50 USC § 680. The court-martial is not, therefore, prohibited by Footnote 5 from applying the sentence permitted for a violation of Article 92, supra.

The question certified is answered in the negative, and the case is remanded to The Judge Advocate General of the Army for appropriate action.

Judge BROSMAN concurs.

GEORGE W. LATIMER, Judge (concurring in results):

I concur in the results for the reasons expressed in my concurring opinion in United States v. Buckmiller (No 492), 1 USCMA 504, 4 CMR 96, decided this date.

---

[1] CM 350771